SARAH MANDEL

*v.*

STATE OF ILLINOIS.

*Opinion filed September 28, 1906.*

LICENSE FEE—*Adams & Tillotson* v. *State ante followed.* This claim is governed by the decision of the Court in *Adams & Tillotson* v. *State, supra.*

F. L. Harpham and C. W. Greenfield, for Claimant.
W. H. Stead, Attorney General, for State.

Like in the case of *Adams & Tillotson* v. *The State, supra,* claimant in this case, Sarah Mandel, bases her claim on the payment of a license fee of two hundred dollars ($200.00) paid to Honorable James A. Rose, Secretary of State, in 1901, to run an employment agency under the Act of 1899 (Session Laws of 1899, pp. 268-271), declared unconstitutional by the Supreme Court April 24, 1903. 202 Ill., 389.

The case is submitted on statement of claim in due form, pleas amounting to the general issue, deposition of claimant and stipulations that the $200.00 paid by claimant to the Secretary of State was by him paid into the State treasury; and that George W. Geary, alluded to in the deposition, was the duly appointed, qualified and acting Superintendent of Private Employment Agencies at the time the money was paid.

The uncontradicted evidence in the case establishes that prior to November 1, 1901, claimant was running an employment agency in the City of Chicago; that George W. Geary was then the Superintendent of Agencies charged with the supposed legal duty of enforcing said Act; that in pursuance of his said supposed authority and duty under the Act he (and the Secretary of State as well) demanded again and again, both personally and by his subordinate officers, payment of the said license fee, under repeated threats of arrest, prosecution and the forcible closing of her place

of business; and that, induced solely by fear that such State official would put his said threats into execution, claimant finally paid the license fee of $200.00, now in the State treasury, and received her license.

In view of what we have said in *Adams & Tillotson, supra,* it is deemed unnecessary to repeat what we there said, nor to again cite the authorities there cited; we deem it sufficient to say that we are of the opinion that claimant has clearly established her contention that the illegal license fee was paid into the State treasury under legal compulsion and duress, and we accordingly award her damages in the sum of two hundred dollars ($200.00).